[Crim. No. 1949.   Second Appellate District, Division One.—September 30, 1930.]

THE   PEOPLE,   Respondent,   v.   FRED   J.   BECKER, Appellant.

A. D. Orme for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

CRAIG (ELLIOT), J., *pro tem.* — Appellant Fred J. Becker was convicted on two counts of violation of section 288 of the Penal Code.

■ Shortly after his arrest appellant signed a confession. This confession was introduced in evidence by the prosecution. Appellant contends that this confession was not freely or voluntarily made and that the statement as signed is not a true recital of his answer to a particular question therein contained. The court fully and properly instructed the jury as to these matters and under the instructions and the evidence in the case, appellant's said contention cannot be sustained.

■ Appellant claims that the testimony of the complaining witness, a boy about eleven years of age, is so filled with discrepancies and contradictory statements made at various times and is so inherently improbable, that the boy is not worthy of belief and that we should say as a matter of law that a conviction cannot rest upon such testimony. It is true that there are some contradictions in the boy's testimony which go to the weight of his testimony as a whole, but the jurors had him before them and, under the evidence in the case, we cannot disturb their verdict on this ground.

■ Appellant complains of a large number of matters which he claims when taken in the aggregate resulted in prejudicial error. These include both alleged error of the court in its rulings and many items of alleged misconduct on the part of the prosecuting attorneys. In some instances these assignments of error find support in the record, and the conduct of the deputy district attorney was open to criticism. It should be noted, however, that the remarks of the deputy district attorney, in his final argument, where he referred to the feeling of the board of education, and of other citizens, concerning "the disgrace of this scandal", and asserted that if there was any doubt in their minds as to the guilt of the defendant, they would have silenced it, related to matters which were not first drawn into the case by the deputy district attorney. These remarks appear to have been made in reply to an argument made in behalf of the defendant, charging that there was a conspiracy to get rid of the defendant, and that the police department, along

with members of the school department, had taken part in that conspiracy. If, in the heat of argument, the deputy district attorney exceeded the bounds of propriety in meeting this charge of conspiracy, yet we find no evidence of deliberate transgression or of error which could not have been corrected at the time if any objection had been made. The evidence against the defendant, including evidence of defendant's confession of guilt, is very strong and convincing. A reading of the entire record leaves the clear impression that, notwithstanding some errors, the trial was fairly conducted, and has not resulted in any miscarriage of justice.

■ Appellant contends that the court committed prejudicial misconduct in conducting hearings upon matters of probation and sentence in other cases in the presence of the jury. Such matters are primarily within the discretion of the trial judge and no misconduct is shown in this case.

■ Appellant's next contention is that the court erred in limiting his time for argument to one hour and permitting the argument to be broken into by interruption. The record does not bear out this contention; furthermore, no objection was made at the time.

■ The next contention is that the court erred in refusing to give certain instructions prepared by defendant. One of these prepared instructions was to the effect that it is as much the right and duty of defendant's attorney to interview witnesses and to make a full investigation of the facts prior to the trial as it is the right and duty of the district attorney so to do. While the instruction, if given, would have been proper in the light of certain statements made and questions asked during the trial, nevertheless, the refusal to give the same was not prejudicial error under the record in this case. ■ Defendant's proposed instruction No. 19 was properly refused, because, among other things, it states that an acquittal must be had if there is a reasonable doubt of guilt when only a *part* of all the evidence in the case is considered.

Appellant alleges misconduct on the part of the deputy district attorney in asking certain of defendant's character witnesses as to whether or not they had heard of defendant having been accused of misconduct with certain other boys, when the said deputy district attorney knew that the de-

fendant had theretofore been tried and acquitted on the charges as to said other boys. The prior acquittals did not necessarily prevent defendant's reputation from being affected by the charges as discussed in the community, if they were discussed, and therefore the questions complained of were not misconduct.

The judgment and order denying the motion for a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 14, 1930.